IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>**BEVERLYANN LEE,**<br><br>　　　　Appellant,<br><br>　　v.<br><br>**NATIONSTAR MORTGAGE LLC D/B/A CHAMPION MORTGAGE COMPANY**,<br><br>　　　　Appellee. | Case No. 3:22-cv-00153-IM<br><br>**ORDER AFFIRMING DECISION OF UNITED STATES BANKRUPTCY COURT** |

**IMMERGUT, District Judge.**

This case comes before this Court on Beverlyann Lee's ("Lee") pro se appeal of the United States Bankruptcy Court for the District of Oregon's decision granting Nationstar Mortgage LLC d/b/a Champion Mortgage Company's ("Nationstar") Motion to Dismiss.[1] This

---

[1] This Court notes that on August 26, 2022, Lee filed a "Motion for Extension of Time to Prepare Excerpts of Record," requesting leave from this Court to amend her briefing and provide relevant exhibits and citations to the record. ECF 19. This Court permitted Lee to file amended briefs and supplement the record by September 6, 2022. ECF 21. Six months have passed, and

PAGE 1 – ORDER

Court must consider whether the Bankruptcy Court erred in granting Nationstar's Motion to Dismiss. For the following reasons, this Court concludes that the Bankruptcy Court did not err. Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

## BACKGROUND

This appeal arises from Lee's Chapter 13 bankruptcy. In 2009, Lee entered into a reverse mortgage transaction, with Lee's residence serving as collateral for the mortgage loan. ECF 3-1 at 9. Three documents comprise the reverse mortgage transaction: (1) an Adjustable Rate Home Equity Conversion Line of Credit Deed of Trust ("DOT"); (2) an Adjustable-Rate Note Home Equity Conversion ("Note"); and (3) a Home Equity Conversion Loan Agreement ("Loan Agreement"). *Id.* at 76. Nationstar is the current owner and servicer of the mortgage. *Id.* at 9. After Lee failed to pay real property taxes assessed against the residence for several years, Nationstar paid the taxes due and owing. *Id.* Lee's failure to pay property taxes placed her in default under the loan documents, and in March, 2016, Nationstar issued a Notice of Default and Election to Sell. *Id.*; *see also id.* at 76. Thereafter, Nationstar commenced foreclosure proceedings. *Id.* at 9. Shortly before the scheduled foreclosure sale, Lee filed a Chapter 13 bankruptcy petition and proposed a Chapter 13 plan in which she agreed to pay approximately $31,500 owed to Nationstar ("prepetition arrearage"). *Id.* at 5, 9–10. The Bankruptcy Court entered an order confirming Lee's Chapter 13 plan in October, 2016. *Id.* at 10. In November, 2016, Nationstar filed a proof of claim, which, consistent with the terms of Lee's Chapter 13 plan, asserted a prepetition arrearage of $32,417.22. *Id.* Nationstar attached various documents to its proof of claim but did not attach the Loan Agreement. *Id.* at 65.

---

Lee has failed to amend her pleadings or supplement the record. Therefore, this Court considers Lee's original briefing to be the operative briefing in this case.

PAGE 2 – ORDER

**A. Prior Adversary Proceedings**

In December, 2016, Lee filed an adversary proceeding against Nationstar, asserting eleven claims and objecting to Nationstar's proof of claim. *Id.* at 10. Lee also filed a separate claim objection in which she contested the prepetition arrearage and requested that Nationstar's claim be disallowed in full. *Id.* Plaintiff contended that Nationstar breached the DOT by paying property taxes on the residence; Plaintiff also argued that Nationstar's proof of claim should be disallowed because (1) Nationstar failed to include the proper supporting documentation, (2) Lee was not liable for prepetition arrearage, and (3) Nationstar engaged in improper accounting. *Id.* at 77. The parties filed Cross-Motions for Summary Judgment—in August, 2017, the Bankruptcy Court denied Lee's motion and granted in part and denied in part Nationstar's motion. *Id.* at 10; *see also id.* at 75. The Bankruptcy Court made the following findings: (1) Nationstar's claim was not disallowed for failure to attach the Loan Agreement to its proof of claim; and (2) Nationstar was justified in paying the property taxes. *Id.* at 10; *see also id.* at 85–86. However, the Bankruptcy Court concluded that questions of fact precluded summary judgment on certain accounting issues. *Id.* at 10; *see also id.* at 84.

In June, 2018, the Bankruptcy Court entered an order granting Nationstar relief from the automatic stay on judicial foreclosure, permitting Nationstar to commence a judicial foreclosure proceeding for Lee's residence. *Id.* at 10. The Bankruptcy Court advised Lee that "she should pursue her claims regarding the enforceability of the loan documents and the [a]ccounting [i]ssues in the state court judicial foreclosure proceeding." *Id.* Lee then voluntarily dismissed one of the counts implicating the accounting issues to pursue that claim in the state court foreclosure

action. *Id.* at 11.² Thereafter, only one claim, a breach of contract claim also pertaining to accounting issues, remained in Bankruptcy Court. *Id.*

In May, 2019, the Bankruptcy Court dismissed the entirety of Lee's adversary proceeding against Nationstar based on Lee's failure to make payments in accordance with the Chapter 13 plan. *Id.* Lee then filed a motion to reopen her case, representing that she wished to file an amended Chapter 13 plan. *Id.* at 12. The Bankruptcy Court reopened Lee's case, and Lee filed an amended plan. *Id.* Lee also filed a notice of appeal, appealing both the Bankruptcy Court's summary judgment order and subsequent dismissal order. *Id.* at 12. The Bankruptcy Appeal Panel ("BAP") affirmed the decision in February, 2020, and Lee appealed to the Ninth Circuit. *Id.*³

In March, 2021, the Ninth Circuit affirmed the Bankruptcy Court's decision, concluding that the court did not err in denying Lee's Motion for Summary Judgment, granting Nationstar's Cross-Motion for Summary Judgment, and denying Lee's Motion for Reconsideration. *Id.* at 12; *In re Lee*, No. 3:16-AP-03156-PCM, 2020 WL 710360 at *8 (B.A.P. 9th Cir. Feb. 10, 2020), aff'd, 840 F. App'x 271 (9th Cir. 2021). After the Ninth Circuit issued its decision, Lee filed an Amended Objection to Nationstar's claim. ECF 3-1 at 12. The Bankruptcy Court overruled the Amended Objection, making the following findings: (1) Lee was precluded from litigating most, if not all of the issues raised in her Amended Objection, *id.* at 13, and (2) "any possible issue

---

² In the interim, Nationstar filed a state court foreclosure action against Lee. *See Nationstar Mortgage, LLC v. Beverlyann Lee*, Multnomah County, Oregon Circuit Court, Case. No. 19CV08367. The state court ruled in Nationstar's favor, finding that Nationstar was entitled to foreclosure. *See* ECF 17 at 6–7. As of the time of Nationstar's briefing, judgment had not been entered due to a Covid-19-related hold. *Id.* at 7.

³ The Ninth Circuit has jurisdiction of appeals from the Bankruptcy Court, the district court, or the BAP pursuant to 28 U.S.C. 158(d)(1).

PAGE 4 – ORDER

with regard to the propriety of the claim filed by Nationstar" was moot because the claim could no longer affect the rights of the parties as Lee had "amended her chapter 13 plan to eliminate distributions to Nationstar" and "the court granted relief from stay to Nationstar in 2018 to commence a judicial foreclosure proceeding in state court." *Id.* at 6, 14. The Bankruptcy Court further found that Nationstar had been entitled to receive, and was not obligated to return, payments from Lee that it had received before Lee filed her original Objection to Nationstar's claim. *Id.* at 15. On July 20, 2021, Lee filed a Motion to Alter or Amend the Judgment, which the Bankruptcy Court denied on September 9, 2021. *Id.* Lee did not appeal. *Id.*

### B. Present Adversary Proceeding

Instead, on September 23, 2021, Lee filed another adversary proceeding against Nationstar. *Id.* at 1. This is the fourth adversary proceeding filed by Lee against Nationstar. *Id.* at 5 (the Bankruptcy Court's December 14, 2021 Letter Ruling describes this adversary proceeding as the fourth filed by Lee against Nationstar and explains that the Bankruptcy Court has dismissed all three previous adversary proceedings). In this proceeding, Lee asserts only one claim: that Nationstar's lien on her residence was void as a matter of law under 11 U.S.C. § 506(d). *Id.* On October 22, 2021, Nationstar moved to dismiss. *Id.* at 7. On December 14, 2021, the Bankruptcy Court granted Nationstar's motion. *Id.* at 5. The Bankruptcy Court concluded that there is "no plausible basis to void Nationstar's lien under § 506(d)," *id.* at 7, and any attempt to file an amended complaint in this case would be futile, *id.* at 8. The Bankruptcy Court reasoned that it had not disallowed Nationstar's claim or decided that Nationstar's claim or lien was invalid in any respect—to the contrary, after the Bankruptcy Court granted Nationstar relief from the automatic stay of judicial foreclosure, the state court liquidated the amount Lee owes to Nationstar and concluded that Nationstar was entitled to judicial foreclosure. *Id.* at 7 (taking judicial notice of the state court foreclosure proceeding). The Bankruptcy Court further

PAGE 5 – ORDER

admonished Lee for her attempts to "relitigate numerous issues that have already been conclusively rejected by this and other courts." *Id.* at 8. On December 27, 2021, Lee filed a Motion for Reconsideration, which the Bankruptcy Court denied. *Id.* at 3. On January 25, 2022, Lee timely appealed the decision of the Bankruptcy Court to this Court. *Id.*

**C.  Parties' Arguments on Appeal**

Before this Court is Lee's appeal of the Bankruptcy Court's dismissal of her fourth adversary proceeding against Nationstar. The parties disagree as to the scope of the issues on appeal. Lee raises four issues:

> *First*, when the Court finds as fact that the Home Equity Conversion Mortgage ("HECM") Security Instrument is contractually defined to be the combination of two (2) HECM writings, does the Court's ruling as such necessarily require each of these HECM Security Instrument writings be executed in the manner prescribed by Oregon Revised Statutes for trust deeds and other security instruments, and recorded in Multnomah County land records in order for Nationstar to demonstrate that it holds a perfected interest in Lee's real property?
>
> *Second*, upon a party of interest's objection to a timely filed creditor's [Chapter] 13 Proof of Claim, is the Court obligated, pursuant to 11 USC § 502(b), to determine the amount of such claim in lawful currency of the United States as of the date of the filing of debtor's bankruptcy petition, and to allow such claim in such amount or disallow such claim under § 502(b)(1)?
>
> *Third*, can the Court, in good faith, make the ruling, "There is no plausible basis to void Nationstar's lien under § 506(d)," when the Court's own *sua sponte* orders ensured there would not [be] any orders filed [to] adjudicate[e] of Lee's objection to Claim 5-1, which is a prioritized core bankruptcy matter over which the Court should exercise its original jurisdiction?
>
> *Fourth*, if HECM borrowers never have any payment obligation at any time, *in persona*, for any portion of their HECM Principal Balance, and Nationstar's claim disclosures acknowledged that it held, at best, only an *in rem* interest in proceeds of a sale Lee's property, what business does Nationstar have in Lee's bankruptcy aside from asking for relief from stay?

ECF 12 at 4–5. Nationstar objects to Lee's statement of the issues on appeal and re-states the issues as follows: (1) "Did the Bankruptcy Court err in declining to void a secured lien after the issue was already litigated and affirmed on appeal?" and (2) "Did the Bankruptcy Court err in

PAGE 6 – ORDER

interpreting the loan documents and statutes regarding the payment of real property taxes after the issue had already been litigated and affirmed on appeal?" ECF 17 at 4. Nationstar also argues that new arguments raised by Lee in her opening brief were not properly preserved and cannot be raised for the first time on appeal. *Id.* at 7.

## LEGAL STANDARDS

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from final judgments, orders and decrees, as well as certain interlocutory orders, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under 28 U.S.C. § 157. A bankruptcy court's legal conclusions are reviewed de novo. *Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1209 (9th Cir. 2017). However, a bankruptcy court's evidentiary rulings are reviewed for abuse of discretion and should not be reversed unless the error was prejudicial. *Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008).

Federal courts hold a pro se litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal quotation marks and citation omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (internal quotation marks and citation omitted).

## DISCUSSION

Lee argues that Nationstar's lien should be voided under Section 506(d) of the Bankruptcy Code because Nationstar's filed claim is not an allowed secured claim and because the Bankruptcy Court "neither allowed nor disallowed Nationstar's claim" when it ruled that Lee's Amended Objection was moot. ECF 3-1 at 6.

PAGE 7 – ORDER

**A. Avoidance Under Section 506(d)**

Section 506(d) provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—(1) such claim was disallowed only under section 502(b)(5) or 502(e) of [the Bankruptcy Code]; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of [the Bankruptcy Code]." 11 U.S.C. § 506(d); *In re Lane*, 589 B.R. 399, 406 (B.A.P. 9th Cir. 2018), as corrected (Sept. 26, 2018), aff'd, 959 F.3d 1226 (9th Cir. 2020). Courts have interpreted Section 506(d) as requiring that a claim be disallowed in order for the lien securing that claim to be voided. *See, e.g.*, *In re Wolf*, 58 B.R. 354, 356 (Bankr. N.D. Ohio 1986) ("Section 506(d) requires a secured claim to be disallowed as a prerequisite to avoidance of the lien . . . [a] lien cannot be voided under Section 506, therefore, unless the claim has been disallowed . . . ."); *In re Simmons*, 765 F.2d 547, 556 (5th Cir. 1985); *In re Hermansen*, 84 B.R. 729, 734 (Bankr. D. Colo. 1988); *In re Schneider*, 37 B.R. 115, 118 (Bankr. E.D.N.Y. 1984); *In re Nefferdorf*, 26 B.R. 962, 965 (E.D. Pa. 1983); *see also In re Blendheim*, 803 F.3d 477, 490 (9th Cir. 2015) ("[I]f a claim is disallowed, then under § 506(d) . . . the claim's associated lien is void."). In short, a lien cannot be voided under Section 506 unless its associated claim has been disallowed—in other words, determined to be substantively invalid.

**B. No Disallowance of Nationstar's Claim**

In this case, the Bankruptcy Court concluded that there is no plausible basis to void Nationstar's lien under Section 506(d). ECF 3-1 at 7. The Bankruptcy Court reasoned that Nationstar's claim had not previously been disallowed nor was it invalid in any respect. *Id.* Indeed, the Bankruptcy Court's findings in Lee's prior proceeding suggest the opposite: the Bankruptcy Court granted Nationstar relief from the stay of the judicial foreclosure of Lee's residence, allowing the state foreclosure proceeding to commence. *Id.*

PAGE 8 – ORDER

This Court finds that the Bankruptcy Court did not err. This Court has not identified any evidence in the record that suggests Nationstar's lien has been disallowed or deemed invalid. In fact, throughout the long history of this dispute between Lee and Nationstar, the Bankruptcy Court repeatedly concluded that Nationstar's claim was valid.[4] Moreover, this is not a case that concerns a late-filed or non-filed proof of claim. In the prior proceeding, Nationstar filed a proof of claim, and in August, 2017, the Bankruptcy Court found that Nationstar's claim was not disallowed for failure to attach the Loan Agreement to the proof of claim. Therefore, Section 502(d)(2)'s exception does not apply. *See In re Blendheim*, 803 F.3d at 490 ("Because this case does not concern a late-filed or non-filed claim, § 506(d)(2)'s exception does not apply."). The Bankruptcy Court did not err in concluding that there was no basis to void Nationstar's lien and in granting Nationstar's Motion to Dismiss.

## C. Preclusion of Lee's Arguments

Moreover, to the extent that Lee argues that Nationstar's claim was invalid, this Court also finds that this is an improper re-litigation of issues already decided.[5] The claim preclusion,

---

[4] And by overruling Lee's Amended Objection as moot, the Bankruptcy Court neither allowed or disallowed Nationstar's claim. As previously stated, avoidance of a lien is only appropriate where the underlying claim has been disallowed. *See, e.g.*, *In re Wolf*, 58 B.R. at 356. The Bankruptcy Court's finding that Lee's Amended Objection was moot did not render Nationstar's claim disallowed.

[5] By asking the Bankruptcy Court to void Nationstar's lien under Section 506(d), Lee is requesting that the Bankruptcy Court revisit whether Nationstar had a valid claim. Avoidance under Section 506(d) is only appropriate where a court has adjudicated the merits of the underlying claim and determined that the claim lacks merit. *In re Lane*, 589 B.R. 399, 409 (B.A.P. 9th Cir. 2018), as corrected (Sept. 26, 2018), aff'd, 959 F.3d 1226 (9th Cir. 2020); *see also In Re Hamlett*, 322 F.3d 342, 348 (4th Cir. 2003); *In re Tarnow*, 749 F.2d 464, 466 (7th Cir. 1984); *In re Shelton*, 477 B.R. 749, 752 (8th Cir. 2012). Section 506(d) does not give rise to a "free floating right" to strip a lien. *In re Larson*, 99 B.R. 1, 3 (D. Alaska 1989). Rather, a court may void a lien only when a claim has been deemed substantively invalid. As discussed further below, Lee has already had an opportunity to litigate the validity of Nationstar's claim, for

PAGE 9 – ORDER

or res judicata, doctrine provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003). Claim preclusion has three elements: (1) identity of the claims; (2) final judgment on the merits, and (3) privity between parties. *Id.* Identity of the claims exists when two suits arise from "the same transactional nucleus of facts." *Id.* at 1078 (internal quotation marks and citation omitted). Newly articulated claims based on the same nucleus of facts may be barred if those claims "could have been brought in the earlier action." *Id.*

Lee previously filed three adversary proceedings against Nationstar—most recently, in December, 2016. As explained above, Lee's 2016 case was dismissed by the Bankruptcy Court, and the Bankruptcy Court's decision was upheld by the BAP and by the Ninth Circuit. Therefore, two out of the three elements of claim preclusion have been met: the parties are identical, and there has been a final judgment on the merits. *Id.* at 1077. The only issue is whether the claims raised in the 2021 adversary proceeding are based on the same transactional nucleus of facts as the prior proceeding such that the claims could have been brought in the earlier action. *Id.* at 1078.

This Court concludes that they are. Lee previously filed a Motion for Summary Judgment in her 2016 adversary proceeding requesting that Nationstar's claim be disallowed because (1) Nationstar failed to attach the Loan Agreement to its proof of claim, ECF 3-1 at 78; (2) the Loan Agreement had not been authenticated, *id.* at 80; (3) Nationstar was not entitled to pay the unpaid property taxes on Lee's residence and therefore she did not owe Nationstar prepetition arrearage,

---

example, in her Motion for Summary Judgment filed in the 2016 adversary proceeding. *See* ECF 3-1 at 75.

*id.* at 81; and (4) Nationstar engaged in improper accounting, *id.* at 84. While Lee attempts to disguise her arguments as a Section 506(d) claim, she is again asking the Bankruptcy Court to find that Nationstar's claim was invalid. *See In re Lane*, 589 B.R. 399, 409. However, those arguments were either raised or should have been raised in the prior proceeding.[6] Indeed, the Ninth Circuit has already expressly rejected Lee's argument that Nationstar's claim should be disallowed. *See In re Lee*, No. 3:16-AP-03156-PCM, 2020 WL 710360 at *5–8 (finding that the Bankruptcy Court properly considered the Loan Agreement even though Nationstar failed to attach it to the proof of claim and that Nationstar was entitled to pay real property taxes on Lee's residence and charge Lee for the loan advances). Although this Court must liberally construe Lee's pleadings, *Erickson*, 551 U.S. at 93–94, this is Lee's fourth opportunity to litigate her claims against Nationstar, and this Court will not reconsider issues that have already been decided or that should have previously been raised.

Finally, to the extent that Lee raises issues for the first time on appeal that were not raised in the Bankruptcy Court proceeding, this Court declines to exercise its discretion to consider those arguments. "A party normally may not press an argument on appeal that it failed to raise in the district court." *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009). "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." *In re Am. W. Airlines, Inc.*, 217

---

[6] In fact, in Lee's briefing on appeal, she again repeatedly raises issues already litigated and decided in the 2016 adversary proceeding. *See, e.g.*, ECF 12 at 38–39 (raising issues pertaining to Housing and Urban Development ("HUD") regulations already raised and dismissed); ECF 18 at 4 (raising issues related to the propriety of Nationstar's payment of property taxes); *id.* at 5 (raising issues related to the propriety of the prepetition arrearage); *id.* at 6–9 (raising issues related to the propriety of Nationstar's declaration of default on the basis of Lee's failure to pay property taxes).

F.3d 1161, 1165 (9th Cir. 2000).[7] No exceptional circumstances exist here. Therefore, this Court will not consider any new arguments on appeal.

## CONCLUSION

The judgment of the Bankruptcy Court is AFFIRMED, and this appeal is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 24th day of March, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[7] "Exceptional circumstances exist when: (1) review will prevent a miscarriage of justice; (2) a change in the law raises a new issue pending appeal; and (3) the issue presented is purely one of law and either does not depend upon the factual record developed below, or the pertinent record has been fully developed." *In re Home Am. T.V.-Appliance Audio, Inc.*, 232 F.3d 1046, 1052 (9th Cir. 2000) (internal quotation marks and citation omitted).